## AUTOCAR CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5985.

Circuit Court of Appeals, Third Circuit.

June 30, 1936.

Alfred S. Weill, of Philadelphia, Pa., and Hugh Satterlee, Wm. R. Green, Jr., and Albert S. Lisenby, all of Washington, D. C. (Weill, Blakely & Nesbit, of Philadelphia, Pa., and Weill, Satterlee, Blakely & Green, of Washington, D. C., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Maurice J. Mahoney and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, Circuit Judge, and DICKINSON and FORMAN, District Judges.

DICKINSON, District Judge.

The petitioner makes autocars for sale. It has affiliated with it four other companies which are mere selling agencies for the auto company. The method of bookkeeping was an artificial one but simple. The selling companies were treated as if purchasers of the cars shipped to them and charged what may be called a list price. The books of the auto company thus showed a large profit on sales. The profit, however, was wholly fictitious. The agency companies sold the cars consigned to them to real purchasers at the prices then prevailing. As in their bookkeeping the cars were charged at the list price and credited with the actual selling price, each sale would be expected to, and did often, show a loss. The companies made a consolidated tax return. The profit or loss thus shown was a real profit or loss. It meant in effect the contrast between what was received from actual sales and the cost of production and marketing. It might thus happen, as in fact it did, that for some years there would be no taxable income followed by a year in which there was a taxable income. The question would then arise, as it arises here, whether a loss suffered during the then past taxable years was properly deductible from the net income of the succeeding year. The Commissioner determined a deficiency for the year 1928, which the taxpayer asked to be redetermined by the Board. The returns in question are for the years 1926, 1927, and 1928. The returns preceding 1928 were as follows:

1926. Net consolidated loss of $782,080.-24, which was apportioned among the four agency companies.

1927. Net consolidated income for the taxable year (without deduction for previous loss) $43,341.52, which was apportioned to the auto company and one of the agencies which showed profits.

1928. Net consolidated income for the taxable year (without deduction for previous loss) $661,473.34, which was apportioned to the companies showing a net income.

To clarify the question submitted it may be interpolated that the auto company considered by itself showed a profit for each year. All the agency companies showed a loss except the one known as California. This showed a loss for 1926 of $115,819.-87; a gain for 1927 of $301.86, and a gain for 1928 of $30,196.26, or a net loss of

$85,321.45. The Commissioner allowed a deduction to the California Company of its loss for 1926 to the extent of $30,196.26, its profits for 1928, thus reducing its taxable income to nothing.

It is easy to give the question before us great complexity, but it may be simplified by a contrasting statement of the views of the taxpayer and of the tax gatherer. In the view of the former the auto company is the one taxpayer. It sells some of its trucks itself, but its sales are mostly through sales agents. We will assume all its sales to be made by its agents. Its method of bookkeeping was to charge all cars consigned to its several agents at a list price. This showed a profit. Each agent charged itself with the cars consigned to it at this list price and credited itself with the returns from sales made. This showed a profit or loss of its own. In consequence, the profit, which what we will call its own books showed, would be increased by the profits or reduced by the losses declared by its agencies. It is this latter profit, if any, which the taxpayer claims to be its taxable income. The view of the Commissioner is that the profits or losses of the agencies are not the profits or losses of the auto company but of the several agencies. In consequence, each agency may deduct all its losses before declaring a net profit or loss to it for the year, but the auto company cannot treat what may be called the net aggregate losses of all the agencies as its loss and deduct this from what would otherwise be its profits. The question turns upon what is a consolidated return. If it means that the transactions of all are to be treated as the transactions of one and that one the taxpayer, then the right to deduct the losses of all, in the sense of each one, would be clear. Such is the case here. The bookkeeping of the auto company was on an artificial system. The books did not show a real profit but an assumed profit. To reduce it to a real profit, the losses of each and every one of the agency companies must be first deducted. This is clear enough. The only answer to it, if any, is that the acts of Congress do not permit of the reductions.

The dissenting opinion by members of the Tax Board presents our view. So holding, the order of the Tax Board is vacated, and the record remanded for procedure in accord with the opinion of this court.